# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 25-103V
UNPUBLISHED

MIRANDA ELIZABETH HOLDER,

            Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

            Respondent.

Chief Special Master Corcoran

Filed: April 10, 2025

## ORDER CONCLUDING PROCEEDINGS[1]

On January 17, 2025, Miranda Holder filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34[2] (the "Vaccine Act"). Petitioner alleges that she suffered various injuries from human papillomavirus ("HPV") vaccinations she received on April 3, 2014, July 10, 2014, and November 13, 2014. ECF No. 1 at 2.

Given that the timeliness of the claim was called into question merely by the face of the Petition, Petitioner was ordered to show cause why the claim had not been filed outside the Act's 36-month statute of limitations. § 16(a)(2); ECF No. 6. Respondent submitted a filing agreeing that Petitioner's claim was untimely filed. ECF No. 7.

Rather than respond to the statute of limitations issue, Petitioner filed a notice of voluntary dismissal pursuant to Vaccine Rule 21(a)(1)(A). ECF No. 8.[3]

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] Due to the procedural path chosen by Petitioner to exit the Vaccine Program, judgment will not issue in this case. *See* Vaccine Rule 21(a)(3). Since judgment will not issue, Petitioner may not file an election to reject the judgment and file a civil action pursuant to § 21(a).

In light of Petitioner's "notice of dismissal at any time before service of respondent's report" pursuant to Vaccine Rule 21(a)(1)(A), **this case is dismissed without prejudice.** Accordingly, **this Order hereby notifies the Clerk of Court that proceedings "on the merits" of this petition are now concluded, but no judgment "on the merits" should be entered by the Clerk's Office.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
